BRADLEY, Judge.
The State of Alabama Board of Corrections, James W. Jackson, individually and as executive secretary of the Alabama Peace Officers’ Standards and Training Commission, and the Alabama Peace Officers’ Standards and Training Commission, hereinafter referred to as the “commission,” appeal from a judgment ordering the personnel board’s decision to reinstate the appellee, Stephanie D. Cousins, be upheld.
*1211 Stephanie Cousins was employed with the state department of corrections as a correctional counselor trainee around February 25,1976. On June 19,1976 she received the permanent status of correctional counselor I. Ms. Cousins was arrested on January 21, 1977 in Bay Minette, Alabama and charged with forgery in the first degree for attempting to have an altered prescription filled at a local drugstore. On February 17, 1977 the commissioner of the department of corrections dismissed Ms. Cousins. She appealed the dismissal seven days later to the state personnel board. Stephanie Cousins pled guilty to and was found guilty of forgery in the third degree in August 1977 by the Baldwin County Circuit Court. She was fined $200.00 and was given a six month suspended sentence and placed on unsupervised probation for a twelve month period.
The personnel board reviewed the issue as to whether Ms. Cousins’ conviction precluded her from serving as a correctional counselor for the state board of corrections. On April 7, 1978 the board ordered that Stephanie Cousins be reinstated as of April 5, 1978 in her permanent classification of correctional counselor trainee. After this reinstatement order the department of corrections did not call her back to work, but it did begin paying her. On April 27,1978 the appellant, James Jackson, wrote a letter to the state personnel department informing them that the appellant, Alabama Peace Officers’ Standards and Training Commission, was revoking Ms. Cousins’ law enforcement certificate. On May 5, 1978 she requested a hearing before the commission on the revocation of her certificate. On June 21, 1978 a letter was sent to Ms. Cousins advising her that the commission concurred with Mr. Jackson’s decision to revoke her certificate. She appealed this ruling to the Montgomery County Circuit Court on July 3,1978. On June 26,1978 the commissioner of the department of corrections terminated Stephanie Cousins as an employee because her certification as a law enforcement officer had been revoked by the commission. On May 8, 1979 the trial court decreed that the order of the personnel board reinstating Ms. Cousins to her job with the board of corrections be sustained.
The decisive issue in the present case is whether the commission had the lawful authority to revoke the law enforcement certificate of Ms. Cousins after she had been reinstated by the personnel board.
The commission takes the position that it had the authority to revoke the law enforcement qualification certificate of Ms. Cousins because she had been convicted of forgery in the third degree, a misdemeanor. The commission’s authority for this stance is § 36-21-46, Code of Alabama 1975, which is in part as follows:
(a) The minimum standards provided in this subsection shall apply to applicants and appointees as law enforcement officers who are not law enforcement officers in the state on September 30, 1971

(5) Character. — The applicant shall be a person of good moral character and reputation. His application shall show that he has never been convicted of a felony or a misdemeanor involving either force, violence or moral turpitude and shall be accompanied by letters from three qualified voters of the area in which the applicant proposes to serve as a law enforcement officer attesting his good reputation.
After a careful reading of § 36-21 — 46, we are convinced that it applies only to applicants for certification as law enforcement officers and not to one who has been certified as a qualified law enforcement officer and who has been employed in such capacity for about a year.
The above code section is concerned with the qualifications of a person to be a law enforcement officer, not to regulate the actions of a person after he or she becomes a law enforcement officer. Regulation of the latter activity would come within the purview of the authority of the employing person or agency.
*1212 In the instant case the commission was attempting to use its statutory authority to discipline an employee of the board of corrections for something that occurred after she had been qualified by the commission and while she was actively engaged in her employment as a law enforcement officer for the board of corrections. The commission had no statutory authority to take the action it took in regards to Ms. Cousins’ law enforcement certificate.
The commission also contends that its authority to revoke Ms. Cousins’ certificate of qualification can be based on the following duly promulgated regulations:
Section 15. Revocation of Certificates.
A. Grounds for revocation of certification of police officer. The Board may revoke the certification of any police officer after written notice and hearing based upon a finding that the police officer:
1. Falsified any information required to obtain certification.
2. Has been discharged for cause from employment as a police officer.
We disagree.
As to the first subsection, there is no contention nor evidence in this case that Ms. Cousins falsified any information required to be incorporated in her application for certification as a law enforcement officer. Consequently, Regulation. 15A(1) would not be authority for the commission’s revocation action.
Likewise, Regulation 15A(2) cannot be the basis for the commission’s revocation action. At the time the commission revoked Ms. Cousins’ certificate of qualification as a law enforcement officer, she had been reinstated to her job with the board of corrections by the personnel board. She was back on the board of corrections’ payroll. She had not been discharged for cause. Hence, subsection two cannot be the basis for the commission’s revocation of Ms. Cousins’ certificate of qualification as a law enforcement officer.
We, therefore, conclude that the commission was without authority to revoke Ms. Cousins’ law enforcement qualification certificate. Accordingly, the trial court’s judgment is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.